OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



September 20, 2002

The Honorable Frank Madla
Chair, Senate Committee on
   Intergovernmental Relations
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. JC-0455A

Re: Clarification of Attorney General Opinion
JC-0455 (2002)

Dear Senator Madla:

In Attorney General Opinion JC-0455 (2002), we were asked whether a member of a governmental body that is located within a groundwater conservation district with a population of less than 50,000 was eligible to serve as a member of the district's board of directors. As we noted in the opinion, your particular concern was with the Cow Creek Groundwater Conservation District.

The opinion correctly observed that section 36.051(b) of the Water Code renders ineligible for appointment as a director of a groundwater conservation district, in any district containing 50,000 or more persons, any member of the governing body of another political subdivision. Because districts with a population of less than 50,000 are expressly exempted from section 36.051(b), a member of another governmental body in a district of less than 50,000 population is not rendered ineligible to serve by virtue of that statute.

We determined, however, that section 36.051(b) did not repeal the common-law doctrine of incompatibility with regard to districts of less than 50,000 population. Common-law incompatibility has three aspects: self-appointment, self-employment, and conflicting loyalties. Tex. Att'y Gen. Op. Nos. JC-0054 (1999), JM-1266 (1990). Attorney General Opinion JC-0455 relied on the conflicting-loyalties portion of the doctrine to conclude that a county commissioner in Kendall County was barred by the conflicting loyalties aspect of incompatibility from simultaneously serving as a member of the Cow Creek Groundwater Conservation District because of overlapping geographical boundaries between the Cow Creek Groundwater Conservation District and Kendall County, overlapping duties with regard to water, as well as other potential areas of conflict. In your request letter, however, you asked "whether elected officials of a governmental body, in a district with a population of less than 50,000, who appoint each other to a groundwater conservation district violate[] state law and[/]or Attorney General Opinion Letters LO-93-70 and LO-94-020."[1] The

---

[1] Letter from Honorable Frank Madla, Chair, Senate Committee on Intergovernmental Relations, to Honorable John Cornyn, Texas Attorney General at 1 (Aug. 23, 2001) (on file with Opinion Committee).

opinion failed to address the effect of the self-appointment doctrine. Although we were not informed that the members of the Kendall County Commissioners Court had appointed themselves, as a body, as the initial temporary directors of the district until after JC-0455 was issued, the request letter did in fact ask about self-appointment in general terms.

Self-appointment incompatibility derives from the Texas Supreme Court's decision in *Ehlinger v. Clark*, 8 S.W.2d 666 (1928), in which the court observed that "because of the obvious incompatibility of being both a member of a body making the appointment and an appointee of that body that the courts have with great unanimity throughout the country declared that all officers who have the appointing power are disqualified for appointment to the offices to which they may appoint." *Ehlinger*, 8 S.W.2d at 674. As a result, it was unnecessary for us in Attorney General Opinion JC-0455 even to reach the issue of conflicting-loyalties incompatibility. Members of the commissioners court of a county are prohibited from appointing themselves to the board of directors of a groundwater conservation district, and consequently, such appointments would not take effect.

The fact that such appointments were void *ab initio* means that we erred, in Attorney General Opinion JC-0455, in considering the effect of such appointments with regard to the Cow Creek Groundwater Conservation District. We noted there "the well-established principle that qualification for and acceptance of a second office operates as an automatic resignation from the first office," and concluded that, "if a county commissioner . . . accepts a position as a director of a groundwater conservation district, he automatically vacates the office of county commissioner." Tex. Att'y Gen. Op. No. JC-0455 (2002) at 6. As we have indicated previously, however, a county commissioner in Kendall County could not have accepted such a position: he was ineligible for the appointment. It follows that, because the purported appointments at issue here were void, the members of the Commissioners Court of Kendall County, in attempting to make those appointments, would not thereby vacate their respective offices on the Commissioners Court of Kendall County.

## S U M M A R Y

That portion of Attorney General Opinion JC-0455 (2002) which implied that members of the Kendall County Commissioners Court vacated their county commissioner offices when they attempted to appoint themselves as temporary directors of the Cow Creek Groundwater Conservation District was in error. Such appointments violate the self-appointment aspect of the common-law doctrine of incompatibility and are thus void *ab initio*.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee